IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CR-21-WLS-TQL |
| | : | |
| MARIARLENE BROWN a/k/a, | : | |
| MATI MOM, | : | |
| WILLIAM ALLEN ROBERTS a/k/a, | : | |
| ALSACE, | : | |
| FREDERICK PERNELL GREEN, | : | |
| THOMAS CHRISTOPHER | : | |
| MITCHELL, | : | |
| DAVONTAY WISEMAN a/k/a | : | |
| VONN, | : | |
| CALVIN DEWAYNE MCKEITHEN | : | |
| a/k/a SUPA, | : | |
| DEWAYNE RASHEEN BUTELR | : | |
| a/k/a GUWAPO, | : | |
| TYLER KHERSHAD JONES a/k/a | : | |
| LA CLIPPERS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Presently before the Court are the United States of America's Motion to Declare the Case Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B), Extend Deadlines in the Standard Pretrial Order, and Request to Continue this case from the August trial term. (Doc. 105). Therein, the Government states that a total of eight (8) Defendants have been indicted in this case and that all Defendants, except Defendant Green whose whereabouts are currently unknown, have had their initial appearances and arraignments. (*Id.*) Based on the large amount of discovery in this case, the Government contends that the case should be declared complex and that the case should be continued. (*Id.*) The Government notes that it reached out to all Defendants' attorneys, except Green's, asking if they oppose the instant Motions. (Docs. 104; 105). The Government states that Counsels for Mitchell, McKeithen, Brown,

1

Roberts, and Wiseman do not oppose the Motion to Declare Case Complex (Doc. 105) and Motion for a Protective Order (Doc. 104). However, the Government notes that it did not know remaining Counsel's positions. (*Id.*)

Accordingly, the Court ordered Counsel for Defendants Butler and Jones to file a response as to whether they oppose the Government's Motions. (Doc. 110). Defendant Butler timely filed a Response (Doc. 116), stating that he does not oppose the Motions. But Defendant Jones had not filed a response in time, so the Court issued an Order to show cause. (Doc. 119). Counsel for Defendant Jones filed a Response (Doc. 120) soon after the Court's Order (Doc. 119), requesting that the Court not impose any sanctions for Counsel's failure to timely respond because of the recent passing of his father. Defendant Jones also notes that he does not oppose the Government's Motion. (Doc. 120). The Response (Doc. 120) filed by Defendant Jones is well taken, and the Court shall not sanction Attorney Todman for the filing of the belated Response for reasons provided therein. The Court now turns to the Government's Motion to Declare the Case Complex (Doc. 105).

In its Motion to Declare the Case Complex (Doc. 105), the Government requests that this Court declare the case complex; extend the discovery deadlines set forth in the Court's Standard Pretrial Order until August 15, 2024; and continue the trial to the next trial term for the Valdosta division. (*Id.*) As of entry of the instant Order, no Defendant opposes the Government's Motion. The Court also notes that severance has not been moved for or granted in the captioned case.

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the

defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

In the present case, the Court finds that this case is complex and that failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). This Indictment charges eight (8) Defendants with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344(2) and 1349, with large amount of discovery involving individuals' personal identification numbers and information. Ultimately, the Government contends that extension of time for discovery is necessary.

Upon consideration, the Court finds that this case is too complex to expect the parties to prepare for trial during the statutory time periods. Therefore, in this case, the ends of justice served by granting a continuance and designating the case as complex outweigh the best interest of the public and Defendants in a speedy trial.

Therefore, for good cause shown, the Government's Motion (Doc. 105) is **GRANTED**. Accordingly, the case is deemed complex, and the above-captioned matter is hereby **CERTIFED COMPLEX**. Therefore, it is **ORDERED** that this case be **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the aforementioned reasons. Accordingly, the case is hereby **CONTINUED** beyond the time limitations set by the Speedy Trial Act. Accordingly, the Government's request to continue trial is **GRANTED** in view of the Court's declaration that the case is complex and **ORDERS** the case to be continued to the next Valdosta trial term. Furthermore, Counsel are hereby **ORDERED** to confer, develop, and present to the Court a proposed discovery schedule **no later than twenty-one (21) days** after entry of this Order. Thereafter, if necessary, the Court will schedule a discovery or status conference to discuss deadlines and scheduling at a date to be specially set by separate notice of the Court. A special trial date will be set by the Court.

**SO ORDERED,** this 16th day of July 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3