IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CR-21-WLS-TQL |
| | : | |
| MARIARLENE BROWN a/k/a, | : | |
| MATI MOM, | : | |
| WILLIAM ALLEN ROBERTS a/k/a, | : | |
| ALSACE, | : | |
| FREDERICK PERNELL GREEN, | : | |
| THOMAS CHRISTOPHER | : | |
| MITCHELL, | : | |
| DAVONTAY WISEMAN a/k/a | : | |
| VONN, | : | |
| CALVIN DEWAYNE MCKEITHEN | : | |
| a/k/a SUPA, | : | |
| DEWAYNE RASHEEN BUTLER | : | |
| a/k/a GUWAPO, | : | |
| TYLER KHERSHAD JONES a/k/a | : | |
| LA CLIPPERS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

By Order (Doc. 121), the Court deemed this case complex and excluded from computation under the Speedy Trial Act 18 U.S.C. § 3161. Said Order further required the Parties to confer regarding scheduling deadlines to be set in this case and advised that the Court would set a scheduling conference by separate order. Accordingly, the Government filed the instant Unopposed Motion to Continue Trial (Doc. 126), requesting the Court to continue this case to the August 2025 Valdosta trial term, and adopt the Parties' joint proposed scheduling order. The instant Motion (Doc. 126) states that the Government contacted each Counsel for each Defendant and that all Defendants agreed with the

1

proposed scheduling order.[1] Because no Party objects to the proposed scheduling order, the Court shall amend the Standard Pretrial Orders previously issued in this case (Docs. 54; 95) and impose the following deadlines for the disposition of this case with respect to the Defendants pursuant to the joint proposed scheduling order:

| | |
|---|---|
| 8/27/2024 | Hard drives provided by Defendants must be in the possession of the Government. |
| 9/27/2024 | Government's discovery must be in the possession of defense counsel. |
| 1/28/2025 | Defendants' discovery must be in the possession of the Government. |
| 2/28/2025 | Motions, other than motions in limine, due. |
| 3/28/2025 | Responses to motions due. Government's Rule 16 expert notices due. |
| 4/28/2025 | Defense Rule 16 expert notices due. Motions in limine due. Rule 404(b) and Rule 902 notices due. Deadline to enter guilty plea before the Court in order to receive motion for additional decrease for acceptance of responsibility pursuant to United States Sentencing Guidelines Section 3E1.1(b). |
| 5/28/2025 | Responses to motions in limine due. |
| 6/28/2025 | Pretrial conference and motions hearing. |
| 7/14/2025 | Proposed voir dire questions due. Requests to charge due. Proposed verdict form due. |
| 8/1/2025 | Proposed voir dire questions due. Counsel are reminded that copies of juror questionnaires are available in the Clerk's Office. It is the responsibility of each attorney to review these questionnaires prior to trial. Voir dire questions may not repeat material |

---

[1] The Government notes that Defendant Fred Green's whereabouts remain unknown.

|          | contained in the questionnaires; Requests to Charge due; Proposed verdict form due; Motion in limine responses due; Voir dire objections due. |
|----------|---|
| 8/4/2025 | Trial Commences. |

Based upon the foregoing schedule, this case **tentatively**[2] should be ready for trial to commence at a specially set trial date in **August 2025** in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

It shall be the continuing duty of Counsel for both sides to immediately reveal to opposing Counsel all newly discovered information or other material within the scope of this Order. Upon a sufficient showing and a motion properly filed, the Court may at any time order that the discovery or inspection provided for by this Order be denied, restricted, deferred, or make such other order as is appropriate. It is expected by the Court, however, that Counsel for both sides shall make every good faith effort to comply with the letter and spirit of this Order.

All motions to enforce the provisions of this Order, including issues concerning a party's non-compliance with discovery, must be filed **not more than fourteen (14) days** after its occurrence or discovery by the movant and **not later than fourteen (14) days** prior to the pretrial conference in this case, whichever occurs first. All such issues must be raised at the pretrial conference, or they may be deemed waived.

Consistent with Local Criminal Rule 47, if a pretrial motion is filed, the opposing party shall respond **within twenty-one (21) days** or the motion may be granted as unopposed, if appropriate. Replies are due **within fourteen (14) days** thereafter. If a motion to suppress is filed, the burden is on the defendant to allege standing and show the necessity of a hearing. *See United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984) (per curiam). If a party desires to continue a hearing, a motion to continue must be filed stating the reasons for the requested continuance. If a defendant intends to plead guilty and waive his right to a trial, the parties are encouraged to inform the Court as soon as possible and no later than two (2) business days prior to any noticed pretrial conference. Furthermore, if a defendant

---

[2] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date listed herein or an earlier or later trial date.

3

files a written objection to a Presentence Investigation Report, the government **shall** file a written response **within seven (7) days** thereafter. Lastly, except as modified by this Order, the Standard Pretrial (Docs. 54; 95) shall remain in effect.

**SO ORDERED,** this 2nd day of August 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**