UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA        :
                                :   NO. 7:24-CR-21-WLS-TQL
        v.                      :
                                :   FILED at ___ 3:51 PM
MARIARLENE BROWN a/k/a          :   May 22, 2025
MATI MOM,                       :   _____
                                :   Courtroom Deputy/Scheduling Clerk
        Defendant.              :   U.S. District Court
                                :   Middle District of Georgia

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Mariarlene Brown a/k/a Mati Mom, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant their understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant

1



understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant, being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Federal Rule of Criminal Procedure 11(c) as follows:

(A)    Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment, which charges Defendant with Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Sections 1349 and 1344(2).

(B)    Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a maximum sentence of thirty (30) years imprisonment, a maximum fine of one million dollars ($1,000,000.00), or both, and a

2

maximum term of supervised release of five (5) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)     Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)     Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed.  Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein.  Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

3



(G)    <u>**Waiver of Appeal Rights and Right of Collateral Attack**</u>:

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging their conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

4



(H)     Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to "make a case;" rather, it requires Defendant to be truthful and to testify truthfully whenever called upon.

(I)     Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)     The United States of America and Defendant hereby agree that any breach of this agreement by Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this indictment; (c) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against Defendant in any subsequent judicial proceeding any and all statements made by Defendant. If a legitimate issue arises as to whether

5



there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)    That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count One of the Indictment.

(B)    That he further agrees, if Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of Defendant's cooperation known to the sentencing court. If Defendant is not completely truthful and candid in their cooperation with the Government, they may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of

6



sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should Defendant fail to cooperate truthfully and completely with the Government, or if Defendant engages in any additional criminal conduct, Defendant shall not be entitled to consideration pursuant to this paragraph.

(C)    Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in Title 18, United States Code, Section 924(e)(2)(B)(i), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(D)    If Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend

7



to the Court that Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that Defendant has not accepted responsibility, including, but not limited to, denying their involvement, giving conflicting statements as to their involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(E)     Defendant agrees that, prior to sentencing, she will enter into a Stipulation and Consent to the Issuance of an Order of Prohibition from Further Participation with the Federal Deposit Insurance Corporation and agrees to waive any rights to a notice and hearing under Title 12, United States Code, Section 1818(e) of the Federal Deposit Insurance Act and Title 12, Code of Federal Regulations, Part 308 of the Federal Deposit Insurance Corporation Rules.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into

8



in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or, in its discretion with the aid of the Presentence Investigative Report, determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

Beginning from at least as early as November 2021 and continuing until about December 2022, in the Valdosta Division of the Middle District of Georgia and elsewhere, Defendant knowingly, willfully, and intentionally conspired to commit bank fraud with Co-Defendants William Allen Roberts, Frederick Pernell Green, Calvin Dewayne McKeithen, Davontay Wiseman, Thomas Christopher Mitchell, Dewayne Rasheen Butler, and Tyler Khershad Jones. At all relevant times, Defendant was an employee at a branch of Truist Bank, whose deposits were insured by the Federal Deposit Insurance Corporation, in Valdosta. The conspiracy transpired as follows:

Roberts unlawfully obtained check information from a United States Post Office employee, who did not have lawful authority to possess or share the check information. Roberts used the check information to produce fraudulent checks. Roberts, Green, McKeithen, Wiseman, Mitchell, Butler, and Jones solicited individuals to open bank accounts at Truist and to provide their new Truist debit card and account information to them with the understanding that they would be paid for providing that information. Roberts, Green, McKeithen, Wiseman, Mitchell, Butler, and Jones provided the debit cards and account information to Roberts for the purpose of depositing the fraudulent checks into the individuals' Truist accounts. Per their understanding, Roberts wrote the fraudulent checks in various sums of money to those individuals.



Roberts, with the assistance of Defendant, deposited the checks into those individuals' Truist accounts. Defendant, using her knowledge and skills as a Truist employee, ensured Roberts, Green, McKeithen, Wiseman, Mitchell, Butler, and Jone would be able to withdraw from the individuals' accounts cash from the check deposits. That cash, prior to being withdrawn, was under the control of Truist. Roberts, Green, McKeithen, Wiseman, Mitchell, Butler, and Jones withdrew the cash from the individuals' accounts and paid the individuals and Roberts a small portion. Roberts then paid Defendant a previously agreed upon amount for her services. Roberts, Green, McKeithen, Wiseman, Mitchell, Butler, and Jone then retained the large majority of each check that was deposited into the individuals' accounts for which they solicited.

Roberts initially asked Defendant to become involved in the conspiracy because her daughter, Mati, previously told Roberts that Defendant made local residents "hood rich" by depositing fraudulent checks for them for a fee. Defendant, using her position of trust as a Truist employee, agreed to assist.

Defendant's knowledge of this conspiracy and scheme and her willingness to participate are made evident by text messages between Defendant and Roberts, where the conspiracy was discussed and Defendant made monetary demands to Roberts for her services. Throughout Defendant's involvement in the conspiracy, she intended to deceive Truist and obtain money under its control. During Defendant's involvement, Defendant, Brown, Roberts, Green, Mitchell, Wiseman, Butler, and Jones attempted to unlawfully obtain over one million dollars ($1,000,000.00).

Defendant now admits that beginning from November 2021 and continuing until about December 2022, she committed the offense of Conspiracy to Commit Bank Fraud as alleged in



Count One of the Indictment, and that all the necessary elements required for conviction on Count One have been established beyond a reasonable doubt.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 22ND day of May, 2025

C. Shawelle Booker
~~PETER LEARY~~
Acting UNITED STATES ATTORNEY

BY: _____
HANNAH M. COUCH
ASSISTANT UNITED STATES ATTORNEY

11

I, Mariarlene Brown, have read this agreement and had this agreement read to me by my attorney, Jenifer Cummings. I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

_____
MARIARLENE BROWN
DEFENDANT

I, Jenifer Cummings, attorney for Defendant Mariarlene Brown, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
JENIFER CUMMINGS
ATTORNEY FOR DEFENDANT